SAMUEL LESSER, PLAINTIFF-RESPONDENT, v. MORRIS STOLMAN ET UX., DEFENDANTS-APPELLANTS.

Argued January 20, 1926—Decided March 5, 1926.

Sale of Real Estate—Agent's Commissions—The Agreement for Sale and Commissions Examined and Found to Comply With the Statute of Frauds, and to be Otherwise Sufficient for the Jury to Consider.

On appeal.

Before Justices PARKER, MINTURN and BLACK.

For the appellants, *Autenrieth & Gannon.*

For the respondent, *James J. Kearney.*

PER CURIAM.

This is an appeal from a judgment entered in the First District Court of Jersey City in favor of the plaintiff-respondent for $500 commissions as real estate broker for procuring a buyer for premises known as No. 266 Duncan avenue, Jersey City, New Jersey. The case was tried by the court without a jury. The appellants file eight reasons why the judgment should be reversed. They are argued under

three heads in the appellants' brief. They all attack the legal effect of the authorization or writing (*Exhibit P1*) relied upon by the plaintiff, as the basis of the action. *Exhibit P1* is as follows:

### EXHIBIT P1.

"August 29, 1924.

Received from Louis & Anna Schair the sum of $100 (one Hundred dollars) as a deposit on store, stock, fixtures and good will, also building consisting of store and three families, situated at 266 Duncan Avenue, Jersey City, N. J. Contract to be drawn at the office of Thomas Ross, No. 1 Exchange Place, Jersey City, N. J., between the hours of 10 in the morning and 4 in the afternoon, Wednesday, September the 3rd, 1924, or otherwise agreed. The following conditions to be incorporated in the contract. Price .......... $14,500

| | | |
|---|---|---|
| Cash .................... | $4,500 | |
| 1st mortgagee ........... | 5,600 | Bldg. & L. |
| 2nd    "  . ........... | 4,400 | for 3 years. |
| | $14,500 | |

Same to be free and clear of all encumbrances and encroachments and additional $400 to be paid on the signing of the contract making the total deposit on signing of the contract $500. Commission to be paid to Samuel Lesser, 83 Coles Street, Jersey City, N. J., broker, the sum of $500.

Title to pass on or before 60 days after signing the contract. Balance on slicing machine to be paid by buyer.

Signed   MORRIS STOLMAN.

Wit.                                              JENNIE STOLMAN.

ALBERT PAKROSS.

We, Louis & Anna Schair, hereby authorize Samuel Lesser, broker, to give owner of 266 Duncan Ave., Jersey City, N. J., $100 as a deposit subject to the above conditions and agree to return said sum to him on Wednesday, September the 3rd, 1924."

The attack made upon *Exhibit P1* by the appellant is based upon three grounds:

15

*First.* That said writing did not comply with the requirements of section 10 of the statute of frauds, as amended *Pamph. L.* 1918, *p.* 1020.

*Second.* The writing relied upon was a mere receipt for a deposit directed to a prospective purchaser, and as such would not constitute a compliance with section 10 of the statute of frauds.

*Third.* The writing is a mere executory agreement, if anything, which contemplated the execution of a formal contract, and, therefore, could be rescinded by the defendants at any time prior thereto. None of these points, we think, are well taken. The case of *Heyman* v. *Stopper,* 85 *N. J. L.* 128; *affirmed,* 86 *Id.* 357, relied upon by the appellants is not in point. It was not error for the trial court to refuse to nonsuit the plaintiff or direct a verdict in favor of the defendants. On the facts the trial court found in favor of the plaintiff. We think the court was justified in so finding. The judgment of the First District Court is therefore affirmed, with costs.